```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROBERT MOTTA,

                Plaintiff,              MEMORANDUM & ORDER
                                        09-CV-3674 (JS)(AKT)
        -against-

FIRST UNUM LIFE INSURANCE COMPANY,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Gerald L. Lotto, Esq.
                    3330 Veterans Memorial Hwy
                    Bohemia, NY 11716

For Defendant:      Andrew I. Hamelsky, Esq.
                    White & Williams LLP
                    One Penn Plaza, Suite 3508
                    New York, NY 10119
```

SEYBERT, District Judge:

Pending before the Court is Plaintiff Robert Motta's motion to remand. For the following reasons, that motion is DENIED.

## BACKGROUND

Defendant First Unum Life Insurance Company removed this case from the New York Supreme Court, County of Suffolk, on August 25, 2009, based on the Complaint's assertion of a federal RICO claim. On October 5, 2010, Plaintiff voluntarily dismissed his RICO claim, leaving only state law claims. More than three months later, Plaintiff filed this motion to remand, arguing that the Court should decline to keep exercising supplemental

jurisdiction over the state law claims in the absence of any federal claims.

## DISCUSSION

When an action's federal claims are dismissed before trial, a district court has discretion in deciding whether to continue exercising supplemental jurisdiction over any remaining state claims. Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003). The "scope of the district court's discretion, however, is not boundless." Id. In exercising its discretion, the district court should consider doctrines such as "judicial economy, convenience, fairness, and comity." Id. (internal citations and quotations omitted). When discovery is complete, a case is ready for trial, and the "state law claims involve[] only settled principles" not "novel" legal questions, it is proper for a district court to retain jurisdiction. Id. at 306. Conversely, a district court should generally decline to exercise supplemental jurisdiction when federal claims are dismissed "at a relatively early stage," or when the state law issues are unsettled. Id.

Here, exercising its discretion, the Court finds that remand is inappropriate. This case has been pending in this Court for nearly eighteen months. Discovery is almost complete, with only one relatively minor issue outstanding. See Docket Nos. 26, 27, 30. Otherwise, this case is trial ready, and the

2

parties have filed a compliant pre-trial order.  See Docket No. 26.  The time to file dispositive motions has passed.  See Docket No. 15 (requiring the parties to start the dispositive motion process by October 6, 2010).  And the two remaining causes of action are routine contract claims that present no novel state law issues.

In addition, considerations of fairness and judicial economy tip against remand.  Rather than move promptly for remand after he voluntarily dismissed the RICO claim, Plaintiff sat on his rights for more than three months before he made this motion.  And, if the Court granted this motion, the unnecessary delay caused by Plaintiff's tardiness in seeking remand would only be augmented by the unavoidable delays that would occur as the state court got up to speed on this matter and fit it into its docket.  Finally, remand will likely impose higher litigation costs on both parties, as they would have to redraft the pre-trial order, and potentially other submissions, to comply with state court practices.

Under these circumstances then, the Court, in its discretion, elects to continue exercising supplemental jurisdiction over the state law claims.  See, e.g., Lamar Advertising of Penn, LLC v. Pitman, 573 F. Supp. 2d 700, 712 (N.D.N.Y. 2008); Diversified Carting, Inc. v. City of New York, 04-CV-9507, 2006 WL 147584, at *11 (S.D.N.Y. 2006); Clerge v.

<u>Consolidated Edison</u>, 95-CV-9072, 1999 WL 239688, at *6 (S.D.N.Y. 1999).  Plaintiff's motion is DENIED.

        SO ORDERED

        <u>/s/ JOANNA SEYBERT</u>
        Joanna Seybert, U.S.D.J.

Dated:    February <u>24</u>, 2011
          Central Islip, New York